IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

ANDREW MILLER,

    Petitioner,

v.                                                   Case No. 1:19-cv-00899

CRAIG ROBERTS, Superintendent,
South Central Regional Jail and Correctional Facility,[1]

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss (ECF No. 12). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT FACTUAL BACKGROUND

Petitioner is a state prisoner who has been incarcerated since his August 15, 2019 arrest on a criminal complaint charging him with being a felon unlawfully in possession of a concealed firearm, which was located in a vehicle in which Petitioner was traveling. On December 18, 2019, Petitioner filed the instant petition seeking release from pretrial

---

[1] Petitioner named the respondent as "Stevens Center Prison," because he was incarcerated at the Stevens Correctional Facility at the time he filed the petition. The proper respondent is the Superintendent of the correctional facility where the Petitioner is presently incarcerated. Because Petitioner is now incarcerated at the South Central Regional Jail and Correctional Facility, the Clerk is directed to modify the docket sheet to reflect Respondent's proper name.

detention, claiming that the state court had denied him a speedy trial because he had allegedly not been indicted on any charges stemming from his August 15, 2019 arrest within two court terms as required by state law. Specifically, Petitioner states that "Pre-indictment delay is unnecessary in prolonging indictment" and challenges what he claims is "No return of indictment." (ECF 1 at 2).

Petitioner's petition also appears to be challenging the November 4, 2019 revocation of his prior term of parole by the West Virginia Parole Board, stemming from the same conduct giving rise to his new criminal charges. (ECF No. 1 at 9-10).[2] Petitioner asserts that, during his revocation hearing, he was not permitted to cross-examine the officer who filed the criminal complaint against him or to call his own witness. Therefore, he requested another parole hearing/interview. (*Id.*) The petition does not indicate what efforts, if any, Petitioner had taken to exhaust the available state court remedies concerning either of these claims prior to filing the instant petition in federal court.

On February 4, 2020, the undersigned entered an Order to Show Cause (ECF No. 7) directing Respondent to respond to the petition. On March 26, 2020, Respondent filed a Response to Order to Show Cause and Motion to Dismiss (ECF No. 12) (hereinafter "Respondent's motion"). Respondent's motion asserts that, contrary to his contentions, on November 21, 2019, Petitioner was indicted by a Kanawha County grand jury on the following offenses: (1) unlawfully and feloniously possessing a firearm after previously being convicted of a felony crime of violence, in violation of Chapter 61, Article 7, Section 7(b), West Virginia Code 1931; (2) unlawfully and feloniously carrying a concealed firearm while being prohibited from possessing a firearm, in violation of Chapter 61, Article 7,

---

[2] These pages of the petition document are styled in the Supreme Court of Appeals of West Virginia, so it is unclear whether Petitioner is raising a challenge to the revocation of his parole as a separate claim for relief in this federal court. Out of an abundance of caution, the undersigned will address the claim herein.

Section 7(e), West Virginia Code 1931; and (3) False Swearing in violation of Chapter 61, Article 5, Section 2, West Virginia Code 1931. *State v. Miller*, Case No. 19-F-608. (ECF No. 1 at 2 and Ex. 1). Respondent further notes that Petitioner was appointed counsel, who filed motions to dismiss the indictment, a motion for discovery, and a motion to suppress. (*Id.* at 2 and Exs. 2-5). Respondent's motion did not specifically address Petitioner's allegations concerning his parole revocation proceedings.

Respondent's motion contends that Petitioner's petition is not properly before this court because he had not properly exhausted available state court remedies before filing the instant petition and that this federal court should abstain from exercising jurisdiction due to the pending state proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Respondent's motion further states:

> Here, Petitioner's Application for Writ of Habeas pursuant to 28 U.S.C. § 2241 should be dismissed because Petitioner seeks to use it as a vehicle to interfere with his pending state prosecution. "Generally, a detainee's 'attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas corpus." *Miller v. Cannon*, 2017 WL 6731503, at *3 (D.S.C. Oct. 3, 2017) (quoting *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987)). In *Younger v. Harris*, the Supreme Court held that a federal court should abstain and not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* court noted that courts should not intervene unless the moving party has no adequate remedy of law and will suffer irreparable injury if denied equitable relied. *Younger*, 401 U.S. at 43-44.
>
> In light of *Younger* and its progeny, the Fourth Circuit has created a test for determining when abstention is appropriate. Pursuant to that test, a court should look at whether, "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. vs. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (*citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, granting Petitioner's requested relief would require this Court to interfere or enjoin the pending state court criminal prosecution against Petitioner.

> Because a federal court may not award relief that would affect pending state and criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it.

(ECF No. 12 at 3-4). Thus, Respondent asserted that Petitioner could, and must, present his federal constitutional claims to the state courts in his criminal, appellate, or habeas proceedings before this federal court should interfere with the same. (*Id.* at 4-5).

## ANALYSIS

A prisoner who is "in custody pursuant to the judgment of a State court," may generally seek habeas corpus relief pursuant to Title 28, Section 2254(a). However, a pretrial detainee is not "in custody" pursuant to a state court judgment, so § 2254 relief is unavailable under those circumstances. *See Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987). Rather, a pre-trial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. *See* 28 U.S.C. § 2241(c)(3); *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (section 2241 applies to individuals placed in state pre-trial detention). This court is unable to grant Petitioner's requested relief for several reasons.

### A. Petitioner's new criminal charges.

Because Petitioner's new criminal charges were pending when he filed the instant petition, he was not in custody pursuant to a state court judgment and, thus, § 2254 does not apply to his speedy trial claim. Accordingly, the undersigned construes his petition to be making a challenge to his pre-trial detention under § 2241. However, Petitioner had not exhausted his speedy trial claim in the state courts as required before seeking federal review.

Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, courts have held that exhaustion is necessary prior to filing a § 2241 petition. *See e.g., Braden v. 30th Jud. Cir.*, 410 U.S. 484, 490-491 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *see O'Sullivan v. Boerckel*, 526 U.S. 838 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional process.") Thus, Petitioner's speedy trial claim is unexhausted.

Moreover, after filing the instant petition, Petitioner pled guilty to one count of being a felon in possession of a firearm on or about July 10, 2020. (*See* Court's Ex. A attached hereto). On September 11, 2020, Petitioner was sentenced to serve a determinate term of imprisonment of three years, with credit for time served. (*See* Court's Ex. B attached hereto). Petitioner subsequently filed a motion for reconsideration, which was denied on or about November 18, 2020, and a motion for stay that was just denied on February 17, 2021. (*See* Court's Ex. A). It further appears that Petitioner filed a *pro se* notice of appeal. (*Id.*) Thus, he is now a convicted prisoner with additional state court remedies available to challenge his conviction.

It is clear that Petitioner did not exhaust his state court remedies prior to filing the instant § 2241 petition, and therefore, he cannot proceed with his habeas corpus petition before this court. Moreover, it appears that his pre-trial challenge is now moot due to his subsequent conviction and sentencing.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

As noted above, although the petitioner is still incarcerated, he is now in custody as a convicted and sentenced felon. Thus, the specific issue of whether his pretrial detention was unlawful is now moot. Although he may ultimately be able to pursue habeas corpus relief concerning his state felon in possession conviction and sentence in this court under 28 U.S.C. § 2254, he may not do so unless and until he has exhausted all available state court remedies, as discussed herein.

### B. Petitioner's challenge to his parole revocation.

To the extent that Petitioner is challenging the procedures used in his parole revocation hearing on November 4, 2019,[3] his claim is best construed as a claim under the Due Process Clause of the Fourteenth Amendment. A prisoner whose parole has been revoked is "in custody pursuant to a state court judgment" for the purpose of federal

---

[3] The Circuit Court's order denying Petitioner's motion to stay indicates that Petitioner's parole was revoked on December 17, 2020. (*See* Court's Ex. C attached hereto). It is unclear if the December 2020 revocation order was connected to the alleged November 2019 revocation discussed by Petitioner in his § 2241 petition or a separate proceeding. Nonetheless, Petitioner's unexhausted claims concerning his parole revocation are not properly before this court.

habeas corpus. *Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003). Thus, this portion of Petitioner's petition must be considered under 28 U.S.C. § 2254.

However, again, Petitioner must exhaust the available state court remedies prior to filing a § 2254 petition and Petitioner bears the burden of proving exhaustion. *See* 28 U.S.C. § 2254(b); *see also Beard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907. 911 (4th Cir. 1997). This includes claims that his continued confinement is unlawful based upon his parole revocation by the West Virginia Parole Board. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (Exhaustion of state remedies is required where the actions challenged are those of a state administrative body).

Petitioner has not demonstrated that he pursued habeas corpus or other proper post-conviction collateral relief based upon his parole revocation. Thus, this claim is also unexhausted and not properly before this federal court for review.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 12), **DENY** the petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and dismiss this civil action from the docket of the court. It is further respectfully **RECOMMENDED** that the presiding District Judge specify that, to the extent that the petition is treated as being filed under 28 U.S.C. § 2254, the dismissal thereof is a dismissal without prejudice that should not count as a first § 2254 petition.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner at the South Central Regional Jail, where he is now incarcerated and to transmit a copy to counsel of record.

February 23, 2021

Dwane L. Tinsley
United States Magistrate Judge