IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANDREW MILLER,

    Plaintiff,

v.                           CIVIL ACTION NO. 1:19-00899

CRAIG ROBERTS, Superintendent,
South Central Regional Jail and
Correctional Facility,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation ("PF&R") on February 23, 2021, in which he recommended that the district court grant defendant's motion to dismiss, deny plaintiff's petition under 28 U.S.C. § 2241, and dismiss the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo

review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On March 4, 2021, plaintiff filed two documents which he indicated are objections.  (ECF Nos. 14 and 15).  With respect to those objections, the court has conducted a de novo review.

On August 15, 2019, Miller, a state prisoner, was arrested on a criminal complaint charging him with being a felon in possession of a concealed firearm.  On December 18, 2019, Miller filed the instant petition seeking release from pretrial detention.  In that petition, he also challenged his parole revocation, on November 4, 2019, stemming from the same conduct.[1] After filing the petition, on or about July 10, 2020, Miller pled guilty to being a felon in possession of a firearm.  On September 11, 2020, he was sentenced to an indeterminate term of imprisonment of three years with credit for time served.

Magistrate Judge Tinsley explained that a prisoner who is "in custody pursuant to the judgment of a State court," must generally seek habeas corpus relief pursuant to 28 U.S.C. § 2254(a).  A pretrial detainee, however, is not in custody pursuant to a state court judgment.  Therefore, a pretrial

---

[1] State court documents indicate that Miller's parole was actually revoked on December 17, 2020.  See ECF No. 13-3.

2

detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3).  Generally, both § 2254 and § 2241 require exhaustion of all available state remedies before proceeding in federal court.  See Readon v. Cohen, C/A No. 9:19-2483-HMH-BM, 2019 WL 6312438, *2 (D.S.C. Oct. 24, 2019) ("A state prisoner seeking relief through 28 U.S.C. § 2241 or § 2254 must first exhaust his available state court remedies."); Thomas v. Kramer, Civil Action No. 7:20-cv-00515, 2020 WL 5751623, *3 (W.D. Va. Sept. 25, 2020) ("[T]o the extent that his complaint is properly construed as a habeas petition pursuant to § 2241, it would be subject to dismissal without prejudice for failure to exhaust his state court remedies and also because of Younger.").[2]

Magistrate Judge Tinsley recommended the denial of plaintiff's § 2241 petition based upon his failure to exhaust state remedies.  As for any claim under § 2254, the magistrate judge also recommended dismissal for failure to exhaust.

According to Miller, he "is not attempting to prevent prosecution through this Habeas Corpus" because he has already been sentenced to the felon in possession charge and he is challenging the parole revocation.  ECF No. 15 at 2.  Therefore,

---

[2] "[E]xtraordinary or special circumstances" must be present to allow a pretrial habeas claim to "proceed without exhaustion." Thomas at *3 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973) and Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975)).

as a convicted state prisoner in both proceedings, Miller's §
2241 petition should proceed as an application for a writ of
habeas corpus under 28 U.S.C. § 2254.  And, as noted above, he
has not exhausted all available state remedies under either
statute.

Just last year, our appeals court explained the limits of
a federal court's review of state court criminal proceedings:

> Our federal system entrusts state courts with
> the administration of their own criminal justice
> systems—a federal court may grant habeas relief to
> a state prisoner only in "exceptional
> circumstances." Richardson v. Brander, 668 F.3d
> 128, 138 (4th Cir. 2012).  Confirming that "state
> courts are the principal forum for asserting
> constitutional challenges to state convictions,"
> the basic structure of federal habeas
> jurisdiction" limits our review of state
> convictions. Harrington v. Richter, 562 U.S. 86,
> 103, 131 S. Ct. 770, 178 L. Ed.2d 624 (2011).  We
> generally may entertain a prisoner's habeas
> petition raising federal claims only if he has
> "exhausted the remedies available in the courts of
> the State." 28 U.S.C. § 2254(b)(1)(A).  And where
> the state court has denied those claims "on the
> merits," we must review that decision with great
> deference—disturbing it only if no fair-minded
> jurist could agree. Id. § 2254(d); see
> Harrington, 562 U.S. at 103, 131 S. Ct. 770.
>
> These exhaustion (§ 2254(b)) and deference (§
> 2254(d)) requirements work together to ensure the
> primacy of state-court decision-making.  The
> former requires a prisoner to present each claim
> to the state court.  If he does not, and the
> prisoner is barred from now raising the claim in
> state court, then we treat each unexhausted claim
> as procedurally defaulted.

<u>Moore v. Stirling</u>, 952 F.3d 174, 181 (4th Cir. 2020).[3]  The

exhaustion requirement is strictly enforced in keeping with the

important tenets of federalism and pragmatism which the

requirement promotes.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 349

(1989).

> Because "it would be unseemly in our dual system
> of government for a federal district court to
> upset a state court conviction without an
> opportunity to the state courts to correct a
> constitutional violation," federal courts apply
> the doctrine of comity, which "teaches that one
> court should defer action on causes properly
> within its jurisdiction until the courts of
> another sovereignty with concurrent powers, and
> already cognizant of the litigation, have had an
> opportunity to pass upon the matter."

<u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982) (quoting <u>Darr v. Burford</u>,

339 U.S. 200, 204 (1950)).

The exhaustion requirement can be satisfied by seeking

review of the habeas corpus claim in the highest state court with

jurisdiction to consider the claim, either on direct appeal or in

post-conviction proceedings.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526

U.S. 838, 844-45 (1999).[4]  "Because the exhaustion doctrine is

---

[3] The <u>Moore</u> court goes on to note that "Section
2254(b)(1)(B) permits an unexhausted claim where '(i) there is an
absence of available State corrective process; or (ii)
circumstances exist that render such process ineffective to
protect the rights of the applicant.'"  <u>Id.</u> at n.5 (quoting 28
U.S.C. § 2254(b)(1)(B)).

[4] "In West Virginia, prisoners may exhaust their available
State court remedies by the following: (1) stating cognizable
federal constitutional claims in a direct appeal to the West
Virginia Supreme Court of Appeals; (2) stating cognizable federal

designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Id. at 845.

The claims raised in federal habeas proceedings must be the same claims raised in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971).  Fair presentation of the same claim "contemplates that both the operative facts and the controlling legal principles must be presented to the state court."  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal citation and quotations omitted), abrogated on other grounds, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011)(internal citations and quotations omitted).

"[E]xhaustion is required regardless of whether the conviction is based on a new violation of state law, or is the result of a parole revocation."  Cook v. Greenwood, Case No. 3:20-cv-00011, Case No. 3:20-cv-00104, 2020 WL 3039146, *4

---

constitutional claims in a petition for a writ of habeas corpus in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for a writ of habeas corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice."  Perry v. Pszczolkowski, Civil Action No. 2:19-00188, 2020 WL 1907209, *9 (S.D.W. Va. Mar. 10, 2020).

(S.D.W. Va. May 11, 2020); see also Douglas v. Muncy, 570 F.2d 499, 500 (4th Cir. 1978) (finding that a petition for a writ of habeas corpus pertaining to a state parole renovation proceeding failed to exhaust state remedies and therefore was not properly brought in federal court); Taylor v. Mirandy, No. 1:15CV219, 2016 WL 5338085, at *4 (N.D.W. Va. Sept. 23, 2016) (noting that a petitioner seeking federal habeas review of a parole revocation had exhausted state remedies by rising his constitutional challenges to "the highest court in the state of West Virginia.").[5]

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

Notwithstanding Miller's assertion that he has exhausted his state remedies, see ECF No. 15 at 2 ("Petitioner filed this claim to the West Virginia board, Circuit Court & Supream [sic] with no respondce [sic]"), it is clear that he has not. As the PF&R noted, it appears that Miller has filed a notice of appeal or has inquired about the appointment of counsel to do so. PF&R at 5; see also ECF 13-1. Therefore, it appears that Miller is a convicted state prisoner with additional state court remedies to challenge his conviction. See Matthews, 105 F.3d at 912 (finding

---

[5] To the extent that Miller objects to defendant's failure to speak to his parole revocation in its response, that objection is **OVERRULED** as the PF&R squarely addresses it.

claim was never exhausted for federal habeas corpus purposes because it was never presented to South Carolina Supreme Court); Readon v. Cohen, C/A No. 9:19-2483-HMH-BM, 2019 WL 6312438, *2 (D.S.C. Oct. 24, 2019) ("Petitioner has not shown that he has exhausted his state law remedies as to his habeas claims. . . . [H]e admits he did not appeal the denial of his motion for bond. . . . Additionally, Petitioner has pending appeals in the South Carolina state courts as to his criminal convictions."). The Supreme Court has made clear "that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. 86, 102-03 (2011). For this reason, Miller cannot bypass the State of West Virginia's procedures for review of his convictions and proceed directly to review in this court. Accordingly, his objections are **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **GRANTS** defendant's motion to dismiss, **DENIES** plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2241 and/or 28 U.S.C. § 2254, and **DISMISSES** this case from the court's active docket. **TO THE EXTENT THAT PLAINTIFF'S PETITION HAS BEEN TREATED AS FILED UNDER 28 U.S.C. § 2254, DISMISSAL IS WITHOUT PREJUDICE AND SHOULD NOT COUNT AS A FIRST § 2254 PETITION.**

8

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 25th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge

9